I'm here to argue that the district court erred when it refused to honor a California state court procedure for modifying a probationer's sentence. And instead of honoring that procedure, what the district court did was to modify a probationer's sentence. And the district court took the part of the sentence that was the subject of the modification and, in essence, used that against the appellant, which had a dramatic effect on his guideline calculation. It moved him from a criminal history Category 1 to a 2, and it greatly bumped up his offense level, in essence moving him from being time served to somebody who is serving time in federal court or in federal prison. The government seems to suggest that the Johnson waiver procedure is a bit of a sham. It's not a sham, counsel. It's a really nice deal for your client. It keeps him out of the state pen, allows him to serve his time in a county jail. But your client still served more than a year. I agree and disagree with you on that. It was a very good deal for him. And it was a good deal for the state court, too, because the state judge elected to impose a lenient sentence instead of sending him to state prison. So it allowed the court to exercise that leniency, which the court felt was appropriate. But in order to do that, your client had to waive certain rights he had under California law. But those rights, if strictly enforced, would have required the sentencing judge to say, I'm revoking your probation and I have two choices. I can either send you to the state pen, which seems like a really harsh thing to do, or I can send you home, as the California Supreme Court says with a fatherly lecture, which doesn't seem appropriate either. And so your client has to say, I invoke my Johnson rights and I waive my right not to be sent to the county jail. And the judge says, great, let's send you to the county jail. Your Honor, I think that that somewhat go ahead. I think that that inaccurately reflects what goes on. The defendant in state court cannot just spring up and say, Your Honor, I invoke the Johnson waiver procedure, don't send me to state prison. The court, and this is set forth in Johnson and it's set forth in the Arnold case, the court can propose to the client that he make the Johnson waiver, but the client doesn't have a right to do that, doesn't have a right to avoid a state prison sentence by springing up and saying Johnson waiver. And the client bears the consequences of the Johnson waiver, which is that time that he previously served is gone, and the Arnold case is clear about that. If he is later, violates his probation in state prison. It's only gone, it's not gone from anybody's memory. It's certainly not gone from your client's memory. It's only gone for purposes of what options the court has when he sentences your client to serve the time on the revocation of probation. Well, it's giving the sentencing judge the opportunity to decide to send your client to the county jail instead of having to do the more serious thing that would be required under California statutes of sending him to California State Penitentiary. And that's a terrific boon to your client, and you're now taking what the California courts have added here and trying to beat the government over the head with it. I don't think so, and I, you know, is it a boon to my client? I suppose it was, but here are the consequences, and this is a point I wanted to make. Mr. Curtis was reinstated on probation. He was continued on probation. If he were to violate his probation, that time that he waived, he would not get that. So when he was sent to prison, he would not get credit against that state prison sentence for the time that was waived under the Johnson waiver. So in that sense, Your Honor, I disagree. It wasn't a great boon to him. Giving up a year that you served in county jail is not a great boon to him. Well, that's 2020 hindsight, but I think. I don't. Because otherwise he was going to go to prison. So not to the county jail, but I guess I don't understand. The Federal language, the guideline language we're talking about here says what? It refers to a prior sentence of imprisonment exceeding 13 months. Now, what does it say? He had to receive a prior sentence of imprisonment? It refers to a prior sentence of, yes, a prior sentence of imprisonment exceeding 13 months. And the guideline section makes reference to adding up prior periods, custodial periods served for probation, and that's what the government, the probation officer relied on. And my point, Your Honor, is that you can't add in a prior period which under State law, it was modified. It's like for the district court ignored a modification procedure that is established in State law. And, yes, like I said, it was a boon to the client, but potentially not. Potentially not. Because we don't he could violate again, and that's all lost. So this is not just all some great windfall to him, and he just can't spring up and say Johnson waiver. And I don't think that the district court can disregard. Well, that's all what could have happened to him under State law. You're correct. The question is what, how, why should we translate that bargain that is made under State law in order to avoid the effects of what was to be a sentence of imprisonment and say, okay, for purposes of Federal law, he never had any sentence of imprisonment. Why does that make any sense? It's like apples and oranges. I don't think it is. We're talking about the district court disregarding a modification of a client's sentence and essentially going back in time and saying, yeah, I understand you modified it later on, but we're going to go and add this earlier time. And I don't think the court can do that. Okay. And, Your Honor, I cited that Crystal, the Crystal case, because I believe that that's on point. That's a situation where a State court procedure was used. And California doesn't have something similar to that. And the circumstances are different. But in essence, it's the same thing that happened. The court in Crystal made a modification, and the sentence wasn't the same. And the appellate court said, you can't go back and look at what first happened. You've got to look at the State court's final word on this. And that's what's going on here. The court can't disregard the State court's modification. And the Johnson decision refers to the Johnson waiver procedure as a modification of probation. And I think you could. Right. Okay. Okay. I think we understand your position. Okay. And I would like to reserve any remaining time for rebuttal. Thank you. Good morning, Your Honors. May it please the Court, Jill Thomas for the United States. The defense's argument appeals to neither logic nor justice. I quote the Zuniga case, 108 Cal Appellate 3rd, 739, 1980. It doesn't make any sense because the defendant in this case received additional time, more punishment, as a result of his violation of probation. The additional time got him more. This was an additional criminal act, unlike the Crystal case where there was only one criminal act. He received 170 days additional time for his second violation. The defense's argument that he could, it could not be a boon to him in the future if he were to violate it, well, that's his choice. His choice is to violate probation in the future. So it would be on him to not violate probation in the future and not go to State prison. It makes little sense that his two violations would have received him less time than his original first sentence of 365 days. Waiving, he only waived credit to the time he served, not the actual time. He just waived the custody credits so as to avoid State prison. And it's also illogical because the application note in the application note 10 states that convictions that are set aside are pardoned. Even those type of convictions are counted. And so with that, Your Honors, if the Court does not have any questions, the government submits. Thank you. Thank you. Just a point to address. The prosecutor says, hey, all he waived was his credits. It's just merely a credit waiver. And the, like I said, the Johnson decision explains how the credit waiver accomplishes a modification. And that's because Penal Code Section 2900.5 says that a client is to be credited for previous time served against any county jail sentence. And Penal Code Section 19.2 tells the Court that it can impose a sentence greater than a year. So the waiver is the modification that is used to accomplish what the grant of leniency that the Court imposed. Just one other point, I think, too, is that there is some suggestion that the only benefit that was given was that he served the 170 days in county jail as opposed to State prison. And that misstates the law. The prison choices that the Court had were three, four, or five years in prison. And the Court could not have imposed 170 days in prison. Thank you. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is Navarro v. Oh, that's submitted. That's submitted. I'm sorry. Yeah, right. That's been dismissed. So the last case for argument is, thank you, is Lane v. Kempthorn.
judges: Schroeder, Hall, Bybee